UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FABCOR INC. D/B/A JAILS,

        Plaintiff,

v.                                             Case No. 17-C-1505

OCONTO COUNTY,

        Defendant.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

On November 1, 2017, Plaintiff Fabcor Inc. filed this diversity action against Oconto County for breach of contract and related state law claims. On December 1, 2017, Oconto County filed a motion to compel arbitration. Fabcor opposed this motion and the matter has been fully briefed. For the reasons explained below, Oconto's motion to compel arbitration is granted.

### BACKGROUND

On January 27, 2016, Fabcor and Oconto entered into an agreement for Fabcor to provide certain labor and materials related to renovations of the Oconto County Law Enforcement Center, which were being performed by several contractors. In June 2016, there was a dispute over which contractor was responsible for the installation of steel door frames. Fabcor and Oconto submitted the dispute to the construction manager for initial review, who determined it was Fabcor's responsibility. Fabcor alleges that the initial reviewer later changed his mind, but that Oconto still charged it for the cost of installing the frames. On April 17, 2017, Fabcor gave Oconto written notice of a claim for breach of contract and to recover these costs and other related costs. On June 16, 2017, Fabcor filed a request for mediation of its claims. ECF No. 11-1. Oconto responded that

it would not participate in the mediation because Fabcor's claims were untimely. Oconto argued that Fabcor's claims were untimely because new claims were required to be submitted within 21 days of their accrual and because Fabcor had not timely demanded mediation of the initial decision of its claim on June 10, 2016. ECF No. 11-2. Fabcor did not respond Oconto's claim that its mediation demand was untimely, and the mediator closed his file because of lack of participation. ECF No. 11-3.

On November 1, 2017, Fabcor filed this suit, alleging claims of breach of contract, unjust enrichment, and quantum meruit. ECF No. 1. The court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.[1]

**LEGAL STANDARDS**

The Federal Arbitration Act states that an arbitration clause within a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In order to compel arbitration under the Federal Arbitration Act, a party needs to show: "(1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Druco Rests., Inc. v. Steak n Shake Enters., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). The contractual right to arbitration can be waived. *Kawaski Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 994 (7th Cir. 2011). "The waiver can be either explicit or inferred from a party's actions." *Id*. The totality of the circumstances is considered when determining whether a waiver has occurred, including the diligence or lack thereof of the party seeking arbitration, the defaulting party's

---

[1] Oconto County is a governmental body of Wisconsin. Fabcor is a corporation that is incorporated in and has its principal place of business in Ohio.

2

participation in litigation, the timing of the request for arbitration, and participation in discovery. *Id*. If arbitration is required, then "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008).

Although Oconto moved for arbitration under Wisconsin law and both parties argued primarily under Wisconsin law, the Federal Arbitration Act governs the determination of whether this matter is arbitrable. *See Mose H. Cone Mem'l Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1983) (explaining that the Federal Arbitration Act creates a body of federal substantive law and that "although the enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate"). The issue of arbitration of a contract involving interstate commerce is a federal question of law and is governed by the Federal Arbitration Act. *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1271–72 (7th Cir. 1976) (explaining that a motion to compel arbitration pursuant to § 4 of the FAA is a federal question and to be governed by federal law not state law). Because Fabcor and Oconto's contract is one that involves interstate commerce (the payment of an out-of-state contractor to perform work in another state), it is one that is subject to the FAA. Therefore, analysis under federal law is appropriate.

Even if Wisconsin law were applied rather than the FAA, the analysis and outcome would be the same. Wisconsin has a similar statute which encourages arbitration as an alternative to litigation. *J.J. Andrews, Inc. v. Midland*, 164 Wis. 2d 215, 223, 474 N.W.2d 756 (Wis. Ct. App. 1991) (citing Wis. Stats. §§ 788.01, 788.02). Wisconsin also applies a similar test for determining whether the right to arbitrate has been waived. *Id*. ("Any conduct of the parties inconsistent with

3

the notion that they treated the arbitration provision as in effect, or any conduct which might be reasonably construed as showing that they did not intend to avail themselves of such provision . . .") (citing *City of Madison v. Frank Lloyd Wright Foundation*, 20 Wis. 2d 361, 387, 122 N.W.2d 409 (1963)). Therefore, analyzing Oconto's actions under Wisconsin's waiver test would lead to the same result as analyzing Oconto's actions under the FAA.

## ANALYSIS

The contract signed by parties creates a defined dispute resolution process. First, § 15.1.2 of the General Conditions of the Contract requires that any claim by either the Owner or Contractor must be initiated by written notice to the other party and the Initial Decision Maker within 21 days after the occurrence giving rise to the claim. ECF No. 11-2 at 4. Once the Initial Decision Maker arrives at a decision, the next step in the process is mediation, which is governed by § 15.3. Either party may, within 30 days from the date of an initial decision, demand in writing that the other party file for mediation within 60 days of the initial decision. *Id.* at § 15.2.6.1. If claim is not resolved by mediation, the claim is subject to arbitration. Section 15.4.1 states that "[i]f the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any Claim subject to, but not resolved by, mediation shall be subject to arbitration . . . ." *Id*. Furthermore, this is repeated in the Standard Form Agreement Between Owner and Contractor § 6.2, which also states that "[f]or any Claim subject to, but not resolved by, mediation pursuant to Section 15.3 of [the General Conditions of the Contract], the method of binding dispute resolution shall be as follows: Arbitration pursuant to Section 15.4 of [the General Conditions of the Contract.]" ECF No. 10-1 at 1.

The parties do not contest the validity of the arbitration agreement or that Fabcor's claim falls within the arbitration clause. Rather, Fabcor argues that Oconto waived its right to arbitrate the

4

dispute by failing to participate in mediation in response to Fabcor's previous demand. Oconto, on the other hand, contends that Fabcor's demand for mediation was untimely under the contract and Fabcor therefore waived its right the claim it now seeks to assert. Both Fabcor's claim and Oconto's procedural defense arise out of the terms of the contract. Oconto denies that by asserting its contractual defense to Fabcor's mediation request it waived its right to arbitration. Oconto notes that it could not have waived its right to arbitration because Fabcor never demanded arbitration at any point and chose to file this federal lawsuit instead.

Fabcor's argument that Oconto has waived its right to arbitrate is unpersuasive. Fabcor argues that Oconto may not enforce the arbitration provision of the contract now because it acted inconsistently with the dispute resolution provisions by refusing to participate in mediation. Oconto's response to Fabcor's demand for mediation, however, was not inconsistent with the contract; it was based on the plain language of the contract. Oconto contends it was not required to participate in mediation because Fabcor failed to demand mediation of its claim within the time required under the terms of the contract. Whether Fabcor's demand for mediation was untimely and, if so, whether its untimeliness is a valid defense to Fabcor's claim will be for the arbitrator to decide. But Oconto did not waive its right to arbitrate the dispute by asserting a contractual defense to Fabcor's demand that it submit the claim to mediation. To the contrary, Oconto asserted the arbitration clause as an affirmative defense to Fabcor's action and promptly moved to compel arbitration.

The authority Fabcor cites in support of its argument that Oconto waived arbitration are readily distinguishable. In *Meyer v. Classified Insurance Corporation*, for example, Classified participated in the court process until one week before trial, when it sought for the first time to invoke an optional arbitration clause. 179 Wis. 2d 386, 507 N.W.2d 149 (1993). The trial court

5

held that Classified waived its right to arbitration by waiting until the last minute to request it. In affirming the waiver, the appellate court explained: "Conduct which allows an action to proceed to a point where the purpose of arbitration—to obtain a speedy, inexpensive and final resolution of disputes—is frustrated is conduct that estops a party from claiming a right to a stay of the proceedings and referral for contractual arbitration." *Id*. at 399. Here, by contrast, Oconto moved to compel arbitration within a month of the case being filed, rather than a mere week before trial.

Likewise, in *Jacob v. West Bend Mutual Insurance Company*, the plaintiff insureds tried to enforce an earlier arbitrator's decision after he re-litigated the issues in a trial to a jury and the jury decided against him. 203 Wis. 2d 524, 553 N.W.2d 800 (1996). The circuit court denied enforcement of the prior arbitration award, and the court of appeals affirmed, noting "[i]f the Jacobs wanted the arbitration process to serve its intended purpose, they should have sought to limit the issues at the trial to the issue of their consequential or collateral damages." *Id.* at 540. "Instead," the court noted, "they, together with all the other parties, proceeded to relitigate the matter only recently arbitrated. Nothing is gained by seeking to enforce a prior arbitration decision when the dispute has been fully explored at trial, the jury has returned its verdict, and the court has pronounced its judgment." *Id*. Here, again, the facts are completely otherwise. Oconto has requested that this case be stayed so that Fabcor's claim can be submitted to arbitration as required under the parties' contract.

In sum, under the terms of their contract, the dispute between the parties is to be resolved by arbitration, and Oconto has not waived its right to arbitration. Its motion to compel arbitration must therefore be granted.

6

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's motion to compel arbitration (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action shall be stayed, and that all arbitrable issues shall be referred to binding arbitration pursuant to the parties' contracts. The parties shall use the arbitration rules set forth in the General Conditions of the Contract for Construction AIA Document A232-2009 and the Standard Form of Agreement Between Owner and Contractor AIA Document A132-2009, or as otherwise mutually agreed between parties.

The Clerk is directed to administratively close this case pending completion of the arbitration proceedings. Further, the case will be dismissed on January 9, 2019, absent a showing of good cause.

Dated this __9th__ day of January, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
